Argued January 23, affirmed February 7, 1978

ALBRIGHT, *Appellant,*
*v.*
EMPLOYMENT APPEALS BOARD, *Respondent.*
(No. 98139, CA 8588)

574 P2d 344

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Al J. Laue, Solicitor General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Kent B. Thurber, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

SCHWAB, C.J.

## SCHWAB, C. J.

Plaintiff brought an action for damages under ORS 659.400 to 659.435 in circuit court against defendant, alleging employment discrimination because of his physical handicap. Plaintiff appeals from an order dismissing his complaint on the ground that he had failed to exhaust the administrative remedies provided by statute.[1] We affirm.

Plaintiff's complaint alleged that because he was blind he was discharged from his job with the defendant Employment Appeals Board, even though his handicap was unrelated to his ability to perform the duties of his job. He further alleged that he was damaged by virtue of being forced to take a lesser-paying position as a hearing referee with the Bureau of Labor.

He then alleged as a basis for circuit court jurisdiction without prior exhaustion of administrative remedies:

"Plaintiff is currently employed as a Hearings Referee II for the Bureau of Labor and his primary function is to conduct civil rights hearings. There is only one other Referee currently employed by the Bureau of Labor who conducts such hearings, and Plaintiff works closely with such other Referee and is personally acquainted with him. In addition, complaints of handicapped discrimination are handled by representatives from the Attorney General's Office on behalf of the complainant. Plaintiff normally works closely with the representatives from the Attorney General's Office who handle such discrimination complaints, and must co-ordinate with such representatives prior to sitting as Referee in a hearing on such matters. Plaintiff also regularly works with, and is a personal friend with, the head conciliator for the Department of Labor * * *. Plaintiff's position, and his associations with various individuals, present an unresolvable conflict throughout the procedural steps necessary to process a claim of this sort through the Bureau of Labor. Plaintiff contends that his claim could

[1] ORS 659.435; ORS 659.050 to 659.085.

[ 381 ]

not be objectively handled by the Attorney General's Office, by the conciliator, and if it then reached the hearing stage Plaintiff would be in a position of either hearing his own case or having a close acquaintance and business associate sit as Referee. Thereafter, any order that might be rendered in such hearing would have to be approved by the Labor Commissioner * * *. Once again, Plaintiff works regularly with said Labor Commissioner, and must submit his orders to him for final approval. For these reasons * * * Plaintiff alleges that the administrative remedies available * * * are inadequate, and to exhaust the same would be unnecessary."

Plaintiff argues that under the "futility exception" discussed in *Gilstrap v. Mitchell Bros. Truck Lines,* 270 Or 599, 529 P2d 370, *cert den* 421 US 1011 (1975), he is authorized to invoke the jurisdiction of the circuit court without exhausting his administrative remedies. There is a "futility exception" to the general exhaustion requirements, but it is only available in certain narrowly defined situations, none of which are present here. As Professor Davis points out:

"Some authority supports the proposition that if following the administrative remedy would be *futile because of certainty of an adverse decision,* the administrative remedy need not be exhausted * * *." (Emphasis supplied.) 3 Davis, Administrative Law Treatise, § 20.07 at 99 (1958).

Plaintiff does not contend that an administrative determination of his remedy is certain to be adverse, but merely claims that the procedures "would be tainted throughout by bias, either favorable or unfavorable." That claim is not sufficient to bring plaintiff within the futility exception.

Professor Davis refers approvingly to Professor Jaffe's article, *The Exhaustion of Administrative Remedies,* 12 Buff L Rev 327 (1962). Professor Jaffe's discussion indicates that the futility exception is limited to two situations: (1) an aggrieved person need not petition the agency for rehearing, prior to seeking judicial review, when the granting of a rehearing is discretionary and the person's argument

has already been unsuccessful before the agency in the first instance; and (2) a person need not submit a claim to an agency which has already taken a contrary position through promulgation of regulations, policies, or informal interpretive memoranda. 12 Buff L Rev at 347. The inability of plaintiff to bring himself within the futility exception is particularly clear in light of the nature of the bias which he alleges. His statement of facts indicates that he is a "personal friend" of the head conciliator for the Bureau, that he is "personally acquainted" with the other hearing referee, that he "works regularly" with the Bureau's commissioner, and that he "works closely" with the Bureau's counsel in the Attorney General's office. None of those allegations supports a contention that any of those individuals are biased against him. All of those allegations would seem to imply a bias in his favor. They would not support a claim that an adverse decision by the Bureau is certain, even if plaintiff had asserted such a claim.

Finally, we note plaintiff's contention that:

"* * * The circumstances of this case present an unresolvable conflict throughout the procedural steps necessary to process a claim of this sort. In such an extreme setting it would be patently unfair to require Plaintiff to exhaust a remedy which cannot possibly provide impartial relief * * *."

We are not required to and do not take such a cynical view of public employes and administrators. We have noted before, *see Tierney v. Duris, Pay Less Properties,* 21 Or App 613, 628, 536 P2d 435 (1975), what the United States Supreme Court has said:

" "* * * The mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness of the board members at a later adversary hearing. Without a showing to the contrary, state administrators, "are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its

own circumstances." * * *.' [*Withrow v. Larkin,* 421 US 35, 95 S Ct 1456, 43 L Ed 2d 712 (1975).]"

*See also Fritz v. OSP,* 30 Or App 1117, 569 P2d 654 (1977).

Affirmed.