On respondent's motion to dismiss filed September 23, petitioner's motion for relief from default and response to respondent's motion to dismiss filed October 21, and respondent's reply filed November 8, 2002, motion for relief from default granted; motion to dismiss granted; judicial review dismissed May 1, 2003

## WILLIAM EUGENE ELI,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

## A111116

67 P3d 982

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, for motion.

Irene B. Taylor, Deputy Public Defender, *contra.*

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

BREWER, P. J.

## BREWER, P. J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision that revoked his parole. The board moves to dismiss petitioner's request for judicial review on the ground that petitioner failed to exhaust his administrative remedies because he did not adequately raise before the board on administrative review the argument that he makes on judicial review. We grant the motion to dismiss.[1]

In the underlying criminal proceeding, petitioner was convicted of one count of unauthorized use of a motor vehicle and one count of felony driving while suspended. After being released on parole, petitioner committed parole violations and his parole was revoked. He was later released on parole for a second time. Among the conditions of petitioner's most recent parole were prohibitions against his possession or use of alcohol, having contact with his wife, and coming within 1,000 feet of his wife's residence. After determining that petitioner violated those conditions when he became intoxicated, went to his wife's house, and threatened her, the board again revoked petitioner's parole.

Petitioner sent a number of letters to the board, requesting administrative relief from the board's action of revoking his parole. In Administrative Review Response No. 4, the board responded to petitioner's letters and denied his requests for administrative relief. Petitioner then sought judicial review of the board order denying his administrative review request. In his sole assignment of error on review, petitioner asserts that the board's finding that he violated conditions of parole by consuming or possessing alcohol is not supported by substantial evidence because it is based solely on hearsay.[2]

---

[1] Petitioner, through counsel, moves for relief from default in order to file a response to the board's motion to dismiss. We grant the motion.

[2] Petitioner does not challenge any of the other findings made by the board. However, he asserts that the revocation order does not make clear whether the board would have revoked his parole if it had not found that he had consumed or possessed alcohol.

The board moves to dismiss this proceeding on the ground that petitioner's argument on review is one that he failed to make before the board. The board contends that, although petitioner filed numerous documents seeking administrative review on various grounds, he did not raise his only argument on review in any of those documents. Petitioner remonstrates that he objected to the testimony of a witness at his parole revocation hearing, which was, "in effect, an objection to the validity of the information."[3] Petitioner also notes that, "in his letter requesting administrative review, [he] stated that he did not do the crimes alleged, and that the evidence had been illegally obtained." Petitioner contends that the foregoing arguments "necessarily include an objection to the evidence presented." Thus, petitioner reasons, he adequately challenged the sufficiency of the evidence before the board in his administrative review request.

■      The parties' arguments implicate ORS 144.335(1) and three board rules that implement that statute. ORS 144.335(1) (1999), *amended by* Or Laws 2001, ch 661, § 1,[4] provides:

> "When a person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction is adversely affected or aggrieved by a final order of the Board related to the granting, revoking or discharging of parole, the revoking of post-prison supervision or the imposition of conditions of parole or of post-prison supervision and after exhaustion of administrative review *as provided by Board rule*, such person is entitled to judicial review of the final order."

(Emphasis added.) That statute means precisely what it says. "[ORS 144.335(1)] means: An inmate must use any process of administrative review provided by Board rule * * * before seeking judicial review." *Jenkins v. Board of Parole*, 313 Or 234, 239, 833 P2d 1268 (1992).

---

[3] Petitioner's objection, according to his brief on review, consisted of his statement, during the cross-examination of a witness, that the witness and his sources were mistaken in asserting that petitioner had consumed alcohol.

[4] The 1999 version of ORS 144.335 was in effect when the board issued the challenged order. The 2001 amendments reorganized the statute but did not alter it for purposes of the issue raised in this case.

OAR 255-080-0001(2) provides that "[a]n inmate/offender has exhausted his or her administrative remedies after complying with OAR 255-080-0005, and after the Board denies review, or grants review and either denies or grants relief."[5] OAR 255-080-0005(1), in turn, provides that "[a]n inmate/offender may request an administrative review by sending [an] Administrative Review Request Form, to the Board *concisely explaining* how his or her case fits the criteria for review listed in rule OAR 255-080-0010." (Emphasis added.) Finally, OAR 255-080-0010(1) states that one such criterion is that "[t]he Board action is not supported by evidence in the record."

■ Applying the statute and rules to the circumstances before us, it is apparent that petitioner did not adequately exhaust his administrative remedies before the board. His assertions in his administrative review request that evidence was illegally obtained and that he did not "do the crimes alleged," and his "objection" to the accuracy of a witness' testimony concerning his alcohol use, did not concisely, or even generally, explain that there was not substantial evidence in the record to support a finding that he had committed the charged parole violations.[6] Because petitioner failed to exhaust his administrative remedies as to the only issue he raises on judicial review, his petition must be dismissed for lack of jurisdiction. *Garcia v. Board of Parole*, 109 Or App 321, 818 P2d 1296 (1991).

Motion for relief from default granted; motion to dismiss granted; judicial review dismissed.

---

[5] The 1997 versions of OAR 255-080-0001(2), OAR 255-080-0005(1), and OAR 255-080-0010(1) were in effect when the board issued its order revoking petitioner's parole. They have not since been amended.

[6] We recognize that, like petitioner, many inmates appear before the board without an attorney. We do not suggest that persons untrained in the law can exhaust their administrative remedies only by using magic words or lawyer's jargon in making their legal arguments to the board. However, even generously read, neither petitioner's evidentiary objection nor his requests for administrative review can be understood to encompass the contention that the board's order is not supported by substantial evidence because it is based solely on hearsay.