Argued and submitted June 3, affirmed July 21, 2004

# WILLIAM EUGENE ELI,
*Appellant,*

*v.*

# Robert O. LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

01-09-1397M; A116201

94 P3d 170

Bob Pangburn argued the cause for appellant. With him on the brief was Rebecca Neal-Richardson.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiff appeals from a judgment denying his petition for a writ of habeas corpus. The trial court took judicial notice that plaintiff previously had filed another habeas corpus petition involving the same factual transaction at issue in this case. Accordingly, it granted defendant's motion to dismiss pursuant to ORCP 21 A(3), which provides for dismissal of an action when there is another action pending between the parties for the same cause. On appeal, plaintiff argues that the actions involved distinct claims. Defendant responds that denial of the petition was justified on claim preclusion grounds. We review for errors of law, *Lee v. Mitchell*, 152 Or App 159, 163, 953 P2d 414 (1998), and affirm.

Plaintiff has been released on parole and had the parole revoked four times. Only the second and fourth revocations are at issue here. The second parole revocation hearing was held in 1998. Following that hearing, the Board of Parole and Post-Prison Supervision (board) revoked plaintiff's parole and set a new release date at 180 days after the date of his arrest for the parole violation. The board also added new conditions to plaintiff's parole: that he not come within 1,000 feet of his wife's house and that he not have any contact with her without advance permission from his parole officer and an anger management treatment provider.

Plaintiff sought both administrative and judicial review of the second revocation order. The board denied administrative relief. By order, this court dismissed judicial review of the board's action as moot on the ground that plaintiff already had finished serving the 180-day parole revocation sanction.

In January 2000, plaintiff violated his parole a fourth time, in part by having contact with his wife—at her house—without permission.[1] On February 7, 2000, the board held a parole revocation hearing on that violation. As a result

---

[1] Plaintiff also violated the conditions that he not consume alcohol and that he obey all laws; as a result of his conduct at his wife's house, plaintiff was charged with burglary, criminal mischief, and violating a restraining order.

of the fourth parole violation, the board revoked plaintiff's parole and set a new release date at 60 months after the date of his arrest. The board cited plaintiff's previous parole revocations as one basis for the 60-month sanction.[2]

On August 13, 2001, plaintiff filed a petition for a writ of habeas corpus in Malheur County Circuit Court (case number 01-08-1330M). In that petition, plaintiff alleged that the board violated his constitutional rights, including the right to counsel, at the 1998 parole revocation hearing. He asserted that his claim was not moot because the special conditions concerning contact with his wife, which served as part of the basis for the revocation of his parole in 2000, arose out of the 1998 hearing. Plaintiff also alleged that the 1998 parole revocation could not validly be used to justify imposing the 60-month sanction for the 2000 violation. On August 29, 2001, the trial court issued a writ of habeas corpus in case number 01-08-1330M.[3]

On September 12, 2001, plaintiff filed the habeas corpus petition in this case. That petition alleged violations of his constitutional rights in connection with the 2000 parole revocation proceeding. Plaintiff argued that, because of those

---

[2] Plaintiff sought administrative review of the 2000 revocation, and the board denied relief. He then sought judicial review, arguing in this court that one of the grounds relied on by the board in revoking his parole—that he consumed or possessed alcohol—was not supported by substantial evidence. *Eli v. Board of Parole (Eli I)*, 187 Or App 454, 456, 67 P3d 982 (2003). He did not challenge any of the other findings made by the board. *Id.* at 456 n 2. We dismissed his petition for review, noting that plaintiff had "failed to exhaust his administrative remedies as to the only issue he raise[d] on judicial review * * *." *Id.* at 458. Defendant does not argue in this appeal that plaintiff's ability to seek, or failure to seek, direct judicial review of the issues raised in his petition for writ of habeas corpus precludes him from seeking habeas corpus relief. We therefore do not consider that issue.

We note that, in *Eli I*, we stated,

"After being released on parole, petitioner committed parole violations and his parole was revoked. He was later released on parole for a second time. Among the conditions of petitioner's most recent parole were prohibitions against his possession or use of alcohol, having contact with his wife and coming within 1,000 feet of his wife's residence."

*Id.* at 456. Our reference to "petitioner's most recent parole" referred to petitioner's fourth release on parole in 1999.

[3] After the court issued the writ, defendant filed a motion to dismiss, which the court granted. It entered judgment on January 14, 2002. We affirmed the trial court's judgment without opinion. *Eli v. Lampert (A117256)*, 194 Or App 327, 95 P3d 756 (2004).

abridgements, the 60-month sanction and the denial of his good time credits were invalid. Defendant filed a motion to deny the petition, arguing, in part, that the petition alleged claims that were already pending in case number 01-08-1330M and that the petition therefore should be denied under ORCP 21 A(3). The trial court denied the petition based on ORCP 21 A(3) and entered judgment for defendant on September 21, 2001.

On appeal, plaintiff argues that each of his petitions focused on a different parole revocation proceeding. He also contends that the petition on that issue raised a number of additional habeas corpus claims relating to the 2000 revocation proceeding, including allegations that the board failed to apply relevant statutes and administrative rules, and that plaintiff was denied access to the courts and to copies of relevant statutes and rules. Defendant responds that, because the claims in this action could have been raised in case number 01-08-1330M, this action is barred on claim preclusion grounds. Defendant relies on ORS 34.710, which provides, in part, "No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind." Defendant also relies on the Supreme Court's statement in *Barber v. Gladden*, 215 Or 129, 133, 332 P2d 641 (1958):

> "[ORS 34.710] is a legislative declaration that the principle of *res judicata* is applicable to habeas corpus proceedings. That principle precludes the relitigation not only of matters actually determined in a prior proceeding but also matters which could properly have been determined in such earlier proceeding."

The difficulty with defendant's argument is that the doctrine of claim preclusion accords preclusive effect to previous *judgments*, not previously *pending claims*.[4] As we

---

[4] We note that defendant's argument raises a second issue, namely, whether *Barber* requires that *all* claims for habeas corpus relief that exist when a petition is filed must be included in that petition regardless of their factual underpinnings. In an ordinary civil action, claim preclusion applies only where the claims brought in the subsequent action rest on the same factual transaction or connected series of transactions that gave rise to the claims brought in the earlier-filed action. *Lee*, 152 Or App at 166 ("Under current cases, the focus is on the transaction at issue in the plaintiff's claim, with claim preclusion applying to all claims against the defendant that were available to the plaintiff *arising from that transaction*, whether or not

stated in *Lee*, claim preclusion "comes into play *after* the entry of a judgment in the first case. In contrast, dismissal under ORCP 21 A(3) is available *before* judgment in the first case, *if* that judgment would have a preclusive effect on the second case." 152 Or App at 165 (emphasis in original). ORCP 21 A(3) applies "[i]f entry of a judgment in * * * other pending actions would preclude [the] plaintiffs from asserting any claims" in the case at issue. *Id.* at 166 (footnote omitted).[5] Defendant cannot prevail based on the literal application of the claim preclusion doctrine because the previously filed action had not been terminated by a final judgment when the trial court entered judgment in this case.

However, that conclusion does not mean that the trial court erred in dismissing this action based on ORCP 21 A(3). The decisive issue is whether, when this action was filed, there was "another action pending between the same parties for the same cause." ORCP 21 A(3). That issue, in turn, depends on whether a judgment in the first action would have had preclusive effect in this case. *Lee*, 152 Or App at 166.

■■ In making that determination, our "focus is on the transaction at issue in the plaintiff's claim, with claim preclusion applying to all claims against the defendant that were available to the plaintiff arising from that transaction, whether or not the plaintiff actually asserted them." *Id.* A connected series of transactions may constitute a single transaction for preclusion purposes. *Whitaker v. Bank of Newport*, 313 Or 450, 455, 836 P2d 695 (1992). Whether a constellation of factual circumstances constitutes a single

---

the plaintiff actually asserted them." (Emphasis added.)); *see also Whitaker v. Bank of Newport*, 313 Or 450, 455, 836 P2d 695 (1992). In other words, a plaintiff may commence two separate actions against the same defendant if the claims asserted rest on different factual grounds, even if the claims in both actions accrued before the first action was filed. It is unclear whether more restrictive preclusion principles apply in habeas corpus claims. We need not decide that issue, however, because, as explained below, the claims raised in both petitions rest on the same factual grounds.

[5] Except where a different procedure is specified by habeas corpus statutes, the procedures in the Oregon Rules of Civil Procedure (ORCP) are to be followed in habeas corpus actions. *Bedell v. Schiedler*, 307 Or 562, 565, 770 P2d 909 (1989). The parties have not identified any habeas corpus statute, nor have we, that displaces ORCP 21 A(3). Accordingly, we conclude that that rule is applicable to habeas corpus actions.

"factual transaction" is determined pragmatically, by giving weight to considerations that include time, space, origin, motivation, the similarity of the acts, and whether the events form a convenient trial unit. *Id.*

■      With those principles in mind, we turn to the allegations of the petition in this case to determine whether they are part of the same factual transaction that gave rise to the claims in case number 01-08-1330M. We conclude that they are. Habeas corpus relief is available, among other circumstances, where an inmate's original or continued confinement is unlawful. *See* ORS 34.360(2) ("If the challenge is to the authority for confinement, the petition shall state, in substance * * * [t]hat such person is not imprisoned or restrained by virtue of any order, judgment or process specified in ORS 34.330."). Plaintiff sought identical relief in this action and case number 01-08-1330M, that is, his release from allegedly unlawful confinement.

The gravamen of plaintiff's claims in case number 01-08-1330M was that, had his rights not been violated at the 1998 hearing, (1) his parole would not have been revoked; (2) the new parole conditions would not have been added; (3) consequently, his conduct in 2000 would not have constituted a parole violation, so his parole would not have been revoked in 2000; and (4) because his parole would not have been revoked in 1998, even if it were revoked in 2000, there would have been no 1998 revocation to justify the 60-month sanction.

As discussed, at the time plaintiff filed his petition in case number 01-08-1330M, he had served his revocation sanction for the 1998 parole violation. Thus, the petition in case number 01-08-1330M raised a colorable claim for habeas corpus relief only to the extent that the new parole conditions imposed in the 1998 revocation order gave rise to any of the violations that resulted in the 2000 revocation and to the extent that the board treated the 1998 revocation as an aggravating factor in resetting plaintiff's release date after the 2000 revocation. In short, the trial court could not have granted plaintiff release from confinement in case number 01-08-1330M without reference to the 2000 revocation proceeding. Accordingly, the claims in the two habeas corpus

actions presented a classic interplay of "time, space, origin, motivation, [and] similarity of the acts," and they "form[ed] a convenient trial unit."

Because the 2000 revocation proceeding formed an essential part of the factual transaction for which plaintiff sought habeas corpus relief in case number 01-08-1330M, plaintiff was required to assert his additional habeas corpus claims relating to the 2000 parole revocation proceeding in that case. However, he failed to do so. For that reason, the trial court properly dismissed the petition in this case based on ORCP 21 A(3).

Affirmed.