On respondent's motion to dismiss filed October 12, 2004, judicial review dismissed July 6, petition for review denied November 1, 2005 (339 Or 475)

TERRY EUGENE TAYLOR,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

A126135

115 P3d 256

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Brendan C. Dunn, Assistant Attorney General, for motion.

Terry E. Taylor, *pro se, contra*.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

LINDER, P. J.

## LINDER, P. J.

Petitioner, a prison inmate, sought judicial review of an order issued by the Board of Parole and Post-Prison Supervision that denied his re-release on parole and set his release date for May 2010. After petitioner filed his petition for judicial review, the board moved to dismiss it. In its motion, the board asserted that petitioner's failure to exhaust his administrative remedies deprives this court of jurisdiction. For the reasons discussed below, we agree with the board and dismiss the petition for judicial review.

Based on his convictions for a number of offenses, petitioner was sentenced to several years in prison. In February 2004, after holding a future disposition hearing, the board issued Board Action Form (BAF) #30. In that order, the board found that petitioner cannot be adequately controlled in the community and, based on that finding and a number of aggravating factors, the board denied re-release and set petitioner's release date. In March 2004, the board timely received petitioner's request for administrative review of BAF #30. In July 2004, having received no response from the board, petitioner wrote the board a letter in which he inquired about a response to his request for administrative review. Petitioner asked the board, "Will you *please* provide me with an answer to this letter and to my Administrative Review [request] so that I may continue this matter to the Appellate courts, if necessary[?]" (Emphasis in original.)

Still having heard nothing from the board, petitioner filed a petition for judicial review with this court in September 2004—some six months after he had sought administrative review by the board. In his petition, petitioner cited ORS 183.490 and ORS 183.482.[1] He asserted that the "Board has failed to respond and the passage of time is unreasonable." He stated that he was seeking review of BAF #30, a copy of which was attached to the petition. In response, the board moved to dismiss.

---

[1] ORS 183.490 is discussed in the text below; ORS 183.482 does not apply to board orders such as the one in this case. ORS 183.315(5).

The board's argument is straightforward: "[T]he board has not had the opportunity to issue its forthcoming [administrative review response (ARR)] in this case. Consequently, petitioner has not exhausted his administrative remedies and there is no appealable order that this court may review." The board concludes that, "when an offender files a petition for judicial review without waiting for the board to deny or grant relief as is appropriate, this court does not have jurisdiction to review the board's order."

Petitioner responds that this court should treat a request for administrative review as denied by the board after 60 days have passed with no board action:

> "[I]t is not unreasonable for the board to answer requests for administrative review within 60 days. Thus, * * * this court should construe the exhaustion requirement in ORS 144.335 as containing a **reasonableness** component. The law only requires that [an] offender take **reasonable** steps to exhaust. When the board fails to respond within 60 days, the request for administrative review should be deemed denied."

(Citations omitted; boldface in original.) The procedural facts are not in dispute; accordingly, we address whether, as a matter of law, we have jurisdiction over petitioner's petition for judicial review.

Judicial review of board orders is governed by ORS 144.335(1), which provides, in part:

> "A person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if:
>
> "* * * * *
>
> "(b)   The person has exhausted administrative review as provided by board rule."

Two administrative rules also are relevant. One of them, OAR 255-080-0005, sets out the procedure for an inmate to obtain administrative review of a BAF; petitioner in this case complied with that procedure. The other, OAR 255-080-0001, entitled "Exhaustion of Remedies," provides:

"(1)   A Board order is final and effective the date it is signed, however it is not final for purposes of the time period within which to appeal to the Court of Appeals until the inmate/offender exhausts his or her administrative review remedies.

"(2)   An inmate/offender has exhausted his or her administrative remedies after complying with OAR 255-080-0005, and after the Board denies review, or grants review and either denies or grants relief. The Board shall notify the inmate/offender that exhaustion has occurred and the time for judicial appeal of appealable orders shall run from the mailing date of the notice."

■■   We begin with settled principles. The right to obtain appellate review is statutory and is subject to limitations imposed by the statute conferring the right. *Ososke v. DMV*, 320 Or 657, 659-60, 891 P2d 633 (1995). Moreover, "[a]dministrative remedies are not exhausted unless applicable procedures, prescribed by statute or by rule, have been satisfied." *Jackson v. Dept. of Rev.*, 298 Or 633, 637, 695 P2d 923 (1985). ORS 144.335(1), the relevant statute, gives this court jurisdiction to review a board order only if the petitioner has "exhausted administrative review as provided by board rule." Regarding that requirement, we explained in *Ayres v. Board of Parole*, 194 Or App 429, 435, 97 P3d 1 (2004), that ORS 144.335(1) legislatively codifies the general principle that "a party seeking judicial review of agency action may not bypass available administrative remedies in favor of immediate access to the courts."

We consistently have dismissed judicial review in board cases in which the petitioner did not exhaust available administrative remedies. In *Eli v. Board of Parole*, 187 Or App 454, 67 P3d 982 (2003), for example, the petitioner presented an argument on judicial review that he had not presented to the board in his request for administrative review. We granted the board's motion to dismiss. Referring to ORS 144.335(1), we said: "That statute means precisely what it says. '[ORS 144.335(1)] means: An inmate must use any process of administrative review provided by Board rule * * * before seeking judicial review.' " *Id.* at 457 (quoting *Jenkins v. Board of Parole*, 313 Or 234, 239, 833 P2d 1268 (1992)) (bracketed material in *Eli*). And in *Garcia v. Board of Parole*,

109 Or App 321, 322, 818 P2d 1296 (1991), we were faced with a situation identical to the one here: "After the Board issued its order, [the] petitioner timely requested administrative review. However, before the Board ruled on his request, [the] petitioner filed his petition for review in this court." We concluded that, because the petitioner "did not exhaust his administrative remedies under ORS 144.335(1), we do not have jurisdiction to consider the petition." *Id.* Thus, our precedents and the plain wording of ORS 144.335(1) suggest that we should dismiss the petition for judicial review here.

As noted above, however, petitioner asserts that we should treat a request for administrative review as denied—and, therefore, the exhaustion requirement as met—if the board does not dispose of the request within a "reasonable" time. The problem with that approach is that ORS 144.335(1) imposes no such time limit. "The legislature knows how to include qualifying language in a statute when it wants to do so." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 614, 859 P2d 1143 (1993). Here, it did not. That choice stands in contrast to the express and specific time limits for administrative and judicial review that the legislature has imposed in other, but analogous, statutes. *E.g.*, ORS 183.482(1) ("If the agency does not otherwise act, a petition for rehearing or reconsideration shall be deemed denied the 60th day following the date the petition was filed, and in such cases, petition for judicial review shall be filed within 60 days only following such date."); ORCP 64 F (treating motion for new trial as denied if not "heard and determined" within 55 days). In light of the legislature's choice not to require the board to respond within a given time frame, we cannot insert the 60-day "deemed denied" provision that petitioner seeks. *See* ORS 174.010 (in construing statute, court is not to insert what has been omitted).

Nor, for three reasons, does ORS 183.490 provide this court with jurisdiction. First, that statute provides: "The court may, upon petition as described in ORS 183.484, compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision." That statute applies, by its terms, only to a petition "described in ORS 183.484," which, in turn, governs judicial review of orders in other than contested cases.

Judicial review in this case, as explained above, is governed by ORS 144.335(1). Second, ORS 183.484(1) confers jurisdiction to consider a petition for judicial review of an order in other than a contested case only on the Marion County Circuit Court and the circuit court for the county in which the petitioner resides or has a principal business office. Third, ORS 183.315(5)(a) exempts orders issued to persons confined in a Department of Corrections facility from, among other things, the provisions of ORS 183.484 and ORS 183.490. In sum, because (1) petitioner has not filed a petition for review of an order in other than a contested case, (2) such orders are reviewable only by circuit courts, and (3) in all events, ORS 183.490 does not apply to orders such as the one at issue here, that statute does not provide this court with jurisdiction.

We turn briefly to petitioner's reliance on our decision in *Ayres*. In that case, we addressed whether inmates who had not timely sought administrative review of board orders had exhausted their administrative remedies for purposes of ORS 144.335(1). At issue was the board's rule that, to be timely, requests for administrative review of board orders had to be *received* within 45 days of the date the order was issued. We held that, "at least for unrepresented incarcerated persons, the board's 'actual receipt' rule is inconsistent with the legislative policy of requiring petitioners to exhaust their administrative remedies." *Ayres*, 194 Or App at 434.

In the course of our opinion, we explained that exhaustion is not always a cut-and-dried concept:

"[T]he doctrine of exhaustion nevertheless is somewhat 'flexible' and is judicially employed to further 'orderly procedure and good administration.' *Marbet v. Portland Gen. Elect.*, 277 Or 447, 456, 561 P2d 154 (1977) (internal quotation marks omitted). At a minimum, it 'goes without saying that for an administrative remedy to be "exhaustible" it must be available.' *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 618, 581 P2d 50 (1978). Likewise, any administrative remedy must be adequate to redress the aggrieved party's interests. *See Nutbrown v. Munn*, 311 Or 328, 344-46, 811 P2d 131 (1991), *cert den*, 502 US 1030 (1992) (rejecting various assertions of inadequacy of administrative remedy as excusing exhaustion requirement). Notions of the adequacy and availability of an administrative remedy

potentially encompass whether the right to seek the administrative remedy is granted unconditionally, *Lyke v. Lane County*, 70 Or App 82, 85-86, 688 P2d 411 (1984), whether administrative review would be futile, *Albright v. Employment Appeals Board*, 32 Or App 379, 382-83, 574 P2d 344 (1978), and whether the administrative remedy would provide meaningful relief to the aggrieved party, *Nutbrown*, 311 Or at 345-46."

194 Or App at 436. We emphasized that, notwithstanding the board's declaration that a petitioner exhausts administrative remedies only after the board acts—by "den[ying] review, or grant[ing] review and either den[ying] or grant[ing] relief"—it is the courts that "are responsible for authoritatively construing what statutory exhaustion entails when, as here, the exhaustion requirement is a prerequisite to *judicial* review and thus a predicate for the court's jurisdiction." 194 Or App at 442 n 12 (emphasis in original). ORS 144.335(1), we explained, "involves the traditional allocation of responsibility: the board is to provide for procedures for administrative review; a reviewing court is to determine whether and when those procedures have been appropriately exhausted." *Id*.

■■ For present purposes, we accept the general proposition that, consistently with the exhaustion policy of ORS 144.335(1), this court has jurisdiction over a board order when the board, through protracted inaction, has unreasonably failed to resolve a request for administrative review of that order. In such a circumstance, administrative review might be so frustrated by neglect or inaction as to be futile.[2] But this is not such a case.

As the time line set out above demonstrates, fewer than six months passed between the date that petitioner filed his request for administrative review and the date that he filed his petition for judicial review. In its briefing in this

_____

[2] Citing an intermediate Colorado appellate court decision, petitioner also argues that, "at some point, a delay in receiving a statutorily created benefit can ripen into a procedural due process violation." *See Walter v. City and County of Denver*, 983 P2d 88, 91 (Colo App 1998) (making that general observation). Petitioner does not develop the argument significantly beyond that assertion. In all events, the argument appears dependent on the analysis of the benefit conferred by the statute. Because we conclude that the statute does not impose a time constraint on the board's review, and that the legislature's choice in that regard was deliberate, we do not consider petitioner's due process argument further.

case, the board explained that "the sheer number of actions the board must take every month, and the number and complexity of the issues that offenders raise, create a circumstance in which the board, unfortunately, may take several months to issue an ARR." The board, which comprises only three members, has extensive duties in addition to its task of considering requests for administrative review. As the board describes the problem,

> "given the number of responsibilities the board has, the number of orders the board issues, and the number of ARRs the board actually does process in any given month, the reality is that the foregoing combination of responsibilities creates circumstances in which it may take the board several months to process an individual offender's request for administrative review."[3]

The legislature's choice not to impose time constraints on the board's administrative review takes on added significance in that context. As already described, the legislature knows how to impose such constraints when it wants to. By not doing so in this circumstance, the legislature undoubtedly intended the board to have the latitude it needs to perform its varied and voluminous responsibilities in a world of limited resources and demands that may often outpace those resources. We will not lightly tread on the latitude that the legislature has accorded the board.

Nor would our imposition of a time constraint necessarily serve the exhaustion principle on which petitioner relies. "The reasons for the exhaustion doctrine are many, but of greatest importance is a concern that the administrative decision-making process should not be prematurely interrupted, especially where agency expertise will play a large role in any decision on the merits." *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 721-22, 554 P2d 620, *rev den,*

---

[3] The board provided information about the range and volume of its duties in response to this court's questions regarding the reasons for delay in this case. The information includes representative workload statistics for the 2001-2003 biennium, none of which petitioner disputes. We may consider information that goes beyond the record on review for purposes of assessing our jurisdiction. *See generally First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 206-07, 986 P2d 556 (1999) (court has inherent authority to consider evidence outside the record to determine justiciability of controversy).

276 Or 555 (1976). We are persuaded that the legislature did not intend, under the circumstances here, to allow inmates to file petitions for judicial review before the board either denies a request for administrative review or grants and disposes of such a request.

Judicial review dismissed.