Submitted May 19, petition for judicial review dismissed July 1, petition for review denied November 12, 2015 (358 Or 248)

DWAYNE EDWARD ABRAHAM,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A154039

354 P3d 761

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

In 1995, the Board of Parole and Post-Prison Supervision (board) designated petitioner a predatory sex offender. Petitioner did not seek review of the board's order at that time. However, in 2012, petitioner sent a letter to the board seeking to "challenge [his] 'predatory sex offender' status[.]" In response, in 2013, the board denied review of the 1995 order as untimely. In addition, to the extent that petitioner's letter was a request to reopen and reconsider the 1995 order designating him a predatory sex offender, the board denied that request. In its decision, the board explained that "[i]nterests of administrative efficiency and finality of Board orders militate against reopening and reconsidering a final Board order based on issues that could have been raised through the established procedures for administrative and judicial review of Board orders."

Petitioner contends that the board erred both in designating him a predatory sex offender in 1995 and in its response to his 2012 challenge to that designation. The state, citing ORS 144.335(1)(b), asserts that, "[b]ecause petitioner did not exhaust administrative remedies, this court lacks jurisdiction to review the board's order." (Boldface omitted.) Furthermore, the state asserts that, in light of the Oregon Supreme Court's decision in *Mastriano v. Board of Parole*, 342 Or 684, 159 P3d 1151 (2007), the board's order is not a final order for purposes of judicial review.

The state is correct. Under ORS 144.335(1),

"A person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this section if:

"(a) The person is adversely affected or aggrieved by a final order of the board; and

"(b) The person has exhausted administrative review as provided by board rule."

As the court explained in *Mastriano*, "a board order denying reopening and reconsideration of an earlier final order is not itself a final order for purposes of judicial review pursuant to ORS 144.335(1)." 342 Or at 686; *see id.* at 690 (a denial

of review or reconsideration that does not "reexamine the prior order" is "not a final order subject to judicial review"); *see also Dawson/Fletcher v. Board of Parole*, 346 Or 643, 217 P3d 1055 (2009) (rejecting the petitioners' contention that dismissal was inappropriate because, in its order denying reopening and reconsideration, the board "constructively reopened" earlier final orders); *Eli v. Board of Parole*, 187 Or App 454, 457, 67 P3d 982 (2003) (dismissing judicial review for failure to exhaust administrative remedies, observing that, under ORS 144.335(1), an inmate must use the process of administrative review provided by board rule before seeking judicial review).

Because petitioner failed to seek timely review of the board's 1995 order designating him a predatory sex offender, and because the board's 2013 decision denying reopening and reconsideration is not a final order for purposes of judicial review, we agree with the state that judicial review in this case must be dismissed.

Petition for judicial review dismissed.