NELSON ARNOLD LEWIS,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A154430

354 P3d 763

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

In 1998, the Board of Parole and Post-Prison Supervision (board) designated petitioner a predatory sex offender. Petitioner did not seek review of the board's order at that time. In September 2011, the board amended the conditions of petitioner's supervision and, in its order, again stated that petitioner was a predatory sex offender. In June 2012, petitioner sought administrative review of the predatory sex offender designation. The board denied review of the predatory sex offender designation as untimely, noting that petitioner had signed the 1998 order designating him a predatory sex offender and, therefore, had notice of the designation at that time. In addition, to the extent that petitioner sought to have the board reopen and reconsider its earlier order designating him a predatory sex offender, the board denied that request.

Petitioner contends that the board erred when it designated him a predatory sex offender in 1998 and in its later orders "re-impos[ing]" that designation. The state asserts that we lack jurisdiction to review the board's orders because petitioner failed to exhaust administrative remedies and because, in light of the Oregon Supreme Court's decision in *Mastriano v. Board of Parole*, 342 Or 684, 159 P3d 1151 (2007), the board's order denying reopening and reconsideration of its earlier order is not a final order for purposes of judicial review. The state further notes that, contrary to petitioner's characterization of the later orders as "re-impos[ing]" the predatory sex offender designation, "the board did not—and *could* not—'re-impose' a designation that had never been removed." (Emphasis in original.) We agree with the state.

Under ORS 144.335(1), a person over whom the board exercises jurisdiction may seek review of a final order if "(a) [t]he person is adversely affected or aggrieved by a final order of the board;" and "(b) [t]he person has exhausted administrative review as provided by board rule." As the court explained in *Mastriano*, "a board order denying reopening and reconsideration of an earlier final order is not itself a final order for purposes of judicial review pursuant to ORS 144.335(1)." 342 Or at 686; *see id.* at 690 (a denial

of review or reconsideration that does not "reexamine the prior order" is "not a final order subject to judicial review"); *see also Dawson/Fletcher v. Board of Parole*, 346 Or 643, 217 P3d 1055 (2009) (rejecting the petitioners' contention that dismissal was inappropriate because, in its order denying reopening and reconsideration, the board "constructively reopened" earlier final orders); *Eli v. Board of Parole*, 187 Or App 454, 457, 67 P3d 982 (2003) (dismissing judicial review for failure to exhaust administrative remedies, observing that, under ORS 144.335(1), an inmate must use the process of administrative review provided by board rule before seeking judicial review).

Here, petitioner failed to exhaust administrative remedies as to the board's predatory sex offender designation. Furthermore, as in *Mastriano* and *Dawson/Fletcher*, the board's later order denying reopening and reconsideration is not a final order for purposes of judicial review. *See Abraham v. Board of Parole*, 272 Or App 173, 354 P3d 761 (2015) (dismissing judicial review under substantially similar circumstances).

Petition for judicial review dismissed.