48 November 6, 2024 No. 798

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Merri Sue CLARK
and Richard W. CLARK,
*Plaintiffs-Appellants,*

*v.*

Annette PHELPS,
April Curtis and Christopher Burke,
*Defendants-Respondents,*
*and*

MEDIATION CASE MANAGER et al.,
*Defendants.*

Lane County Circuit Court
22CV21864; A181977

Kamala H. Shugar, Judge.

Argued and submitted September 24, 2024.

Richard W. Clark argued the cause *pro se*. Also on the briefs was Merri Sue Clark *pro se*.

Katie Jo Johnson argued the cause for respondents. Also on the brief were McEwen Gisvold LLP and Julie M. Engbloom and Tagjedin Thomas & Engbloom Law Group LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Plaintiffs, appearing *pro se*, appeal a judgment dismissing their civil claims filed in state court against defendants Phelps, Curtis, and Burke.[1] The trial court granted defendants' motion to dismiss on two independent grounds: claim preclusion, and failure to state a claim under ORCP 21 A(1)(h). On appeal, plaintiffs challenge the dismissal on both grounds. We conclude that claim preclusion applies and, given that conclusion, do not reach the other basis for dismissal. Accordingly, we affirm.

## FACTS

The parties' dispute stems from a mortgage loan that plaintiffs obtained in 1993, which was the subject of a foreclosure action initiated in Lane County in 2014. Plaintiffs maintain that the foreclosing party did not comply with state law, including unlawfully obtaining the required certificate of compliance.

In 2021, plaintiffs filed a complaint in the circuit court for Lane County seeking, among other things, dismissal of the foreclosure proceedings. That action was removed to federal court. Plaintiffs amended their federal complaint several times, until the operative pleading was the fourth amended complaint. Defendants moved to dismiss the fourth amended complaint on various grounds. In response, plaintiffs moved to remand the case back to state court; they also filed, without leave, a fifth amended complaint. The federal court denied the motion to remand to state court. It then struck the fifth amended complaint that was improperly filed without leave of court; dismissed the claims in the operative fourth amended complaint based on issue preclusion, failure to state a claim, and the statutes of limitations; and denied plaintiffs leave to amend because the fifth amended complaint "relies on the same mistaken assumptions underlying the earlier complaints." The federal court further stated that, in its view, "[p]laintiffs' goal in numerous litigations is not to determine who they owe, but rather to prolong, for as long as possible, any attempted foreclosure proceedings."

---

[1] Although other defendants were named in the complaint, plaintiffs appeal the dismissal ruling only as to these three defendants.

Plaintiffs then initiated this action in circuit court by filing a complaint nearly identical to their fifth amended federal complaint. Defendants moved to dismiss based on claim preclusion and failure to state a claim. The trial court granted the motion on both grounds, and plaintiffs appeal. As to claim preclusion, plaintiffs argue that it does not apply to their claims for civil conspiracy, violations of Oregon's Racketeering Influenced and Corrupt Organizations Act (ORICO), and declaratory relief, because those claims were not in the fourth amended complaint and the federal court denied leave to file the fifth amended complaint that included them.[2]

## CLAIM PRECLUSION

We review the claim-preclusion ruling for errors of law. *OEA v. Oregon Taxpayers United*, 253 Or App 288, 299, 291 P3d 202 (2012).

The doctrine of claim preclusion applies when (1) the prior litigation involved the same parties, (2) the claim arises out of the same factual transaction as the prior claims, (3) the prior litigation proceeded to a final judgment, and (4) the claims in the second action could have been joined in the first action. *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982). The purposes of claim preclusion include "preventing harassment by successive proceedings, preventing inconsistent adjudications, and promoting economy of resources in the adjudicative process." *OEA*, 253 Or App at 300. In line with those purposes, in deciding whether an earlier action precludes a current claim, "our focus is on the *transaction* at issue in the plaintiff's claim, with claim preclusion applying to all claims against the defendant that were *available* to the plaintiff arising from that transaction, *whether or not the plaintiff actually asserted them*." *Eli v. Lampert (A116201)*, 194 Or App 280, 285, 94 P3d 170 (2004), *rev den*, 338 Or 57 (2005) (internal quotation marks omitted; emphases added); *see also Wallace v. Holden*, 297 Or App 824, 839, 445 P3d 914, *rev den*, 365 Or 557 (2019) ("In Oregon, a dismissal 'with prejudice' creates a claim-preclusive bar, even if the dismissal was due to a procedural

---

[2] We note that the civil conspiracy and declaratory relief claims included in the fifth amended complaint had been included in the first amended complaint.

fault and not a decision on the substantive validity of the action." (Internal quotation marks omitted.)).

As a general rule, "claim preclusion will bar a plaintiff who litigates a federal claim in federal court from relitigating state claims that the plaintiff could have but did not litigate in the federal action." *Ram Technical Services, Inc. v. Koresko*, 346 Or 215, 220, 208 P3d 950 (2009). There is an exception though. "If the federal court either *clearly lacked jurisdiction* over any pendent state law claims or, having jurisdiction, *clearly would have declined to exercise its discretion* to hear those state law claims, claim preclusion does not bar litigating those claims." *Id.* (emphases added). Importantly, it must be "clear" that the federal court either lacked jurisdiction over the state-law claims or would have declined to exercise its jurisdiction. *Id.* "If it is not clear that the federal court, having jurisdiction, would have declined to exercise it, then claim preclusion will bar any state law claim that a plaintiff could have but did not raise initially in federal court." *Id.* at 227.

In *Ram*, the plaintiffs filed an action in federal court, alleging federal claims for violations of the Employment Retirement Income Security Act of 1974 (ERISA). *Id.* at 218. The federal court concluded that the plaintiffs' claims were not really ERISA claims and arose, "if at all, under state law." *Id.* at 218-19. The court dismissed the ERISA claims for failure to state a claim under federal law. *Id.* at 219. The plaintiffs then filed state-law fraud claims in state court, which the state court dismissed on claim-preclusion and other grounds. *Id.* at 219-20. On appeal, the Supreme Court adopted the above-referenced exception from the *Restatement (Second) of Judgments*, stating that it could "see no reason why claim preclusion should apply when it is clear that the district court would have declined to exercise supplemental jurisdiction over any state-law claims that plaintiffs could have asserted." *Id.* at 226 (discussing *Restatement (Second) of Judgments* § 25 comment e). It also concluded that the exception applied, because "the record le[ft] no doubt that the district court would have declined to exercise supplemental jurisdiction over any state law claims that plaintiffs might have asserted." *Id.* at 229.

Thus, *Ram* involved a situation where the federal court dismissed a case involving only federal claims, and it was clear from the record that the federal court would *not* have been willing to exercise supplemental jurisdiction to hear the state-law claims on their own.

We applied the *Ram* exception in a different scenario a few years later in *Lucas v. Lake County*, 253 Or App 39, 289 P3d 320 (2012). There, the plaintiff filed an action in federal court alleging one federal claim and two state-law claims. *Id.* at 41. As trial approached, the plaintiff moved to extend discovery to investigate potential additional state-law claims, including a wrongful discharge claim arising from the same transaction. *Id.* at 43. The federal court denied the motion, including preemptively denying leave to file an amended complaint. *Id.* at 44. The court explained that it wanted to keep the existing trial schedule and that the plaintiff could "file another lawsuit if [he] want[ed]." *Id.*

The plaintiff subsequently filed the wrongful discharge claim in state court. *Id.* The state trial court concluded that claim preclusion did not apply but dismissed the claim on another ground. *Id.* at 44-45. On appeal, the defendant challenged the claim-preclusion ruling in a cross-assignment of error. *Id.* at 41. We held that the *Ram* exception applied, because the federal court had "'clearly' declined to exercise supplemental jurisdiction over plaintiff's wrongful discharge claim." *Id.* at 59. The federal court's intent not to exercise jurisdiction over that claim was "patent" under the circumstances. *Id.*

Thus, *Lucas* involved a situation where the plaintiff notified the federal court that it was considering amending its complaint to add a new state-law claim, and, in response, the federal court made clear that it would not allow the amendment—not based on the merits (which the court did not consider) or because it viewed the claims as untimely (the court appears to have assumed that the plaintiffs had only recently learned of the possible claim), but because it was disinclined to exercise its supplemental jurisdiction in a manner that would result in a change to the trial schedule and preferred that any new state-law claims be brought in state court.

Relying on *Ram* and *Lucas*, plaintiffs argue that, when the federal court denied leave to file the fifth amended complaint, it necessarily declined to exercise its supplemental jurisdiction over plaintiffs' civil conspiracy, state ORICO, and declaratory relief claims, triggering the *Ram* exception. Defendants disagree. They argue that the *Ram* exception does not apply, because the federal court clearly evinced its intentions regarding jurisdiction by denying remand to state court, and because the federal court denied leave to amend for nonjurisdictional reasons.

We agree with defendants that the *Ram* exception does not apply here. In *Ram*, the record left "no doubt" that the federal court would have been unwilling to hear the state-law claims in the absence of a federal issue, preferring that those claims be heard in state court. 346 Or at 229. Similarly, in *Lucas*, it was clear from the record that the federal court was unwilling to exercise supplemental jurisdiction over any new state-law claims that would affect the trial schedule, preferring that such claims be filed in state court; indeed, the federal court told the plaintiff to "file another lawsuit if [he] want[ed]" to pursue a wrongful discharge claim. 253 Or App at 44. Here, by contrast, the federal court denied leave to file the fifth amended complaint because that complaint "relie[d] on the same mistaken assumptions underlying the earlier complaints." In other words, the court viewed amendment as futile, which is fundamentally different from declining to exercise supplemental jurisdiction as a matter of docket management or the like. *Cf. Van De Hey v. U.S. National Bank*, 313 Or 86, 92, 829 P2d 695 (1992) (where the trial court in the first action granted summary judgment on two claims, dismissed the third claim, and denied leave to add five more claims, that judgment was preclusive as to all claims arising from the transaction, including the five claims for which leave to file an amended complaint was denied). It also bears noting that, unlike in *Lucas*, the federal court here said nothing to suggest that plaintiffs should pursue additional claims in state court. To the contrary, the federal court spoke disapprovingly of the "numerous litigations" and, if anything, suggested that plaintiffs should stop filing claims related to these events.

Having concluded that the *Ram* exception does not apply in these circumstances, and there being no other properly raised challenge to the trial court's ruling,[3] we affirm the judgment.

Affirmed.

---

[3] Plaintiffs tried to raise two new issues at oral argument—one relating to the declaratory judgment claim and one relating to the finality of the federal judgment—but neither issue is properly before us. "We do not consider appellate arguments—even if properly preserved—that are made on appeal for the first time during oral argument." *Colton and Colton*, 297 Or App 532, 547-48, 443 P3d 1160 (2019). Here, not only were the issues raised for the first time at oral argument, but they also are unpreserved, as they were not raised in the trial court. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal.").