Argued and submitted January 16, reversed and remanded in part; otherwise affirmed November 25, 1998, petition for review denied March 23, 1999
(328 Or 365)

# Linda CUNNINGHAM,
*Appellant,*

*v.*

# HAPPY PALACE, INC.,
*Respondent.*

## (608-06619; CA A97860)

970 P2d 669

Jeffrey S. Merrick argued the cause for appellant. With him on the briefs was Williams & Troutwine.

Julie D. Elkins argued the cause for respondent. With her on the brief was Cavanagh & Zipse.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment entered after the trial court granted summary judgment to defendant on plaintiff's claims for negligence and breach of contract. Plaintiff was sexually assaulted after she was picked up while hitchhiking. Defendant owns the restaurant and bar outside which plaintiff was hitchhiking. In her complaint, plaintiff alleged that defendant: (1) negligently ejected her from the bar and into a position of danger; (2) breached an agreement with plaintiff that it would provide her with a free cab ride home if she were to become intoxicated while at the bar; (3) negligently misrepresented that it would provide free cab rides home to intoxicated patrons; and (4) negligently trained its employees in identifying and dealing with overly intoxicated patrons.

The trial court concluded that there was no evidence from which a jury could find that defendant reasonably could have foreseen that its conduct would result in injury to plaintiff as a consequence of the criminal acts of third parties. The court further determined that there was no evidence from which a jury could find that defendant offered or represented that it would provide free cab service to its patrons, or that plaintiff accepted such an offer or relied on such a representation. We conclude that there is evidence in the record sufficient to raise a disputed issue of fact on plaintiff's first and fourth claims for relief related to her ejection from the bar. Accordingly, we reverse and remand on those claims.[1]

We consider the facts in the summary judgment record in the light most favorable to plaintiff. On December 31, 1995, plaintiff went to defendant's restaurant and bar to celebrate New Year's Eve. Plaintiff was a regular patron of the bar. She arrived at approximately 5:30 p.m., having been driven to the bar by a neighbor. Plaintiff arrived with the intention of calling her daughter for a ride home when she

---

[1] We agree with the trial court that there is no evidence in the summary judgment record from which a jury could reasonably conclude that there was any offer or representation by defendant that it would provide plaintiff with a cab ride home from the bar, or that plaintiff requested such transportation, and we affirm the dismissal of plaintiff's second and third claims for relief without further discussion.

was ready to leave or of taking a cab provided free of charge by defendant. While she was at the bar, plaintiff became very intoxicated. Sonny Gunter, who had accompanied a band playing at the bar that night, described plaintiff in an affidavit as "so drunk people were making fun of her." Gunter further stated that plaintiff's conversation was slurred, her gait unsteady and that "she was trying to walk with one shoe on and one shoe off." At one point, plaintiff vomited in the bathroom.

At approximately 11:30 p.m., plaintiff was waiting in line at a pay telephone inside the entrance to the bar. A bouncer employed by defendant approached plaintiff, told her that she had to leave the bar and, putting his hand on her arm, escorted her outside. He did not allow plaintiff to make a telephone call, nor did he offer to arrange for a cab to take her home. Gunter followed plaintiff out of the bar out of concern for plaintiff and sat outside with her for approximately ten minutes. Gunter then reentered the bar to use the bathroom. After Gunter left, plaintiff began hitchhiking on the street adjacent to defendant's establishment. She was picked up by three men, who drove her to a remote location, where they raped and sodomized her.

Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law. ORCP 47 C. A dispute in a negligence action about whether an injury was foreseeable generally presents an issue of fact and, therefore, is not a likely candidate for summary judgment. There are some cases, however, in which no reasonable factfinder could find the risk of harm to be reasonably foreseeable. *Dodge v. Darritt Construction, Inc.*, 146 Or App 612, 614-15, 934 P2d 591 (1997), *rev den* 325 Or 530 (1998). In such cases, summary judgment is appropriate. *See, e.g., Buchler v. Oregon Corrections Div.*, 316 Or 499, 511 n 8, 853 P2d 798 (1993) (noting that *Fazzolari v. Portland School District No. 1J*, 303 Or 1, 734 P2d 1326 (1987), does not stand for the proposition that all negligence claims based on general foreseeability must reach jury).

The dispositive issue in this case is whether, by forcing plaintiff to leave the bar before she could telephone her daughter for a ride home, it was foreseeable that defendant

was placing plaintiff in harm's way. If it were reasonably foreseeable that plaintiff would come to harm as a result of criminal acts by others, then defendant can be held liable for that harm. The only question, then, is whether defendant could have foreseen that plaintiff would fall victim to a criminal act.[2]

■■    Plaintiff asserts that, because she was highly intoxicated, she was more likely to be a crime victim. In response, defendant argues that it cannot be held responsible for injuries suffered by plaintiff as a result of her voluntary intoxication. Defendant misunderstands the gravamen of plaintiff's complaint. Plaintiff has not argued that the mere fact of her intoxication made her injury foreseeable but, rather, that when defendant affirmatively acted to eject her from the premises and thereby prevented her from securing safe passage home, defendant set in motion the events that led to her injury.[3] In order to prevail on that theory, plaintiff must establish that defendant's act did more than merely facilitate the criminal acts of third parties. The Oregon Supreme Court has stated that a defendant cannot be held liable for *all* intervening intentional criminal conduct that might conceivably occur because of defendant's acts or failures to act. "[M]ere 'facilitation' of an unintended adverse result, where intervening intentional criminality of another person is the harm-producing force, does not cause the harm so as to support liability for it." *Buchler*, 316 Or at 511-12 (rejecting "facilitation" rationale of *Kimbler v. Stillwell*, 303 Or 23, 734 P2d 1344 (1987)). The court in *Buchler* held that, in order to survive a defendant's motion for summary judgment in a case involving the criminal acts of third parties, there must be facts in the record to support a conclusion that the defendant could

---

[2] The specific details of the sexual assault need not have been foreseeable, only that plaintiff in some way would become a crime victim. *See Stewart v. Jefferson Plywood Co.*, 255 Or 603, 609-10, 469 P2d 783 (1970) (foreseeability does not refer to predictability of the specific events leading to plaintiff's injuries but, rather, the generalized risk of injury caused by defendant's act or failure to act).

[3] Plaintiff offers an alternative theory under which defendant, as the vendor of alcoholic beverages, had an affirmative duty to care for intoxicated patrons, including a duty to prevent those patrons from leaving the premises until sober. We decline to accept that novel suggestion. Under Oregon law, an alcohol provider is not responsible for injuries suffered by a patron due solely to that patron's voluntary consumption of alcohol. *See Fulmer v. Timber Inn Restaurant and Lounge, Inc.*, 152 Or App 334, 342, 954 P2d 201, *rev allowed* 327 Or 583 (1998).

have reasonably foreseen, as a result of the defendant's negligence, an unreasonable risk of such danger to the plaintiff. *Id.* We conclude, here, that there are such facts in the record.

■ In her affidavit, Gunter stated that plaintiff had become heavily intoxicated, to the point of helplessness. Other patrons in the bar had noted plaintiff's drunken state and had made sport of her. Plaintiff herself stated in her deposition that she has very little memory of the night, because of her intoxicated state. Gunter further stated that plaintiff had been waiting by the telephone when she was approached and ejected by the bouncer. It would not be unreasonable to infer that plaintiff was waiting to use the telephone to arrange for transportation. Plaintiff stated in her deposition that it was her practice to call her daughter for a ride home when she was intoxicated. Although plaintiff admitted that there was a pay phone at a nearby grocery store that she could have used, reasonable jurors could infer that, in her intoxicated state, she might not have had the ability to get to that telephone. Samson Cheung, the president of defendant, admitted in his deposition that intoxicated people were impaired and, therefore, more likely to be injured or be the victims of crime. He further admitted that he had received training in conjunction with his bar ownership in which he was told that intoxicated people were more likely to fall victim to criminal assault. Finally, plaintiff submitted an affidavit in accordance with ORCP 47 E,[4] in which she asserted that she was prepared to offer expert testimony on whether it

---

[4] ORCP 47 E provides:

"Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, *will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion.* The affidavit shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit, would be a sufficient basis for denying the motion for summary judgment."

(Emphasis added.) *See Stotler v. MTD Products, Inc.*, 149 Or App 405, 408-10, 943 P2d 220 (1997).

was reasonably foreseeable that a person in her circumstances would become the victim of a crime. On this record, we conclude that there is evidence from which a jury could find that defendant could have reasonably foreseen that it was placing plaintiff at risk of criminal assault by forcing her to leave the safety of the restaurant before she could arrange for transportation home. Because there was a dispute over whether plaintiff was forced to leave the bar or left on her own accord, summary judgment was inappropriate, and the trial court erred in granting defendant's motion.

Reversed and remanded on plaintiff's first and fourth claims for relief; otherwise affirmed.