Argued and submitted January 15, reversed and remanded March 13, 2003

## Mildred M. SWISHER,
*Appellant,*

*v.*

## ALBERTSON'S, INC.,
a Delaware corporation,
*Respondent.*

### 0001355CV; A117644

64 P3d 1212

Bradford J. Aspell argued the cause for appellant. With him on the brief was Aspell, Della-Rose & Richard.

Dennis D. James argued the cause for respondent. With him on the brief was Nelson & James.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff was injured when she slipped on lettuce in defendant's grocery store. She brought this action to recover damages for her injuries. The trial court granted defendant's motion for summary judgment. Plaintiff appeals, arguing that the trial court erred in granting the motion for summary judgment because there were genuine issues of material fact. We reverse and remand.

In cases arising on summary judgment, we view the evidence, and all reasonable inferences that may be drawn from the evidence, in favor of the nonmoving party—in this case, plaintiff. *Sande v. City of Portland*, 185 Or App 262, 264, 59 P3d 595 (2002). We will affirm only if the record establishes that no genuine issue of material fact exists and that defendant, the moving party, is entitled to judgment as a matter of law. With the proper standard of review in mind, we turn to the evidence in this case.

Plaintiff was in the process of leaving the checkout line at defendant's store when she slipped and fell on some leafy produce, which she described as wilted, brown, and slimy. Plaintiff injured her back and hip. The area where plaintiff fell was where a checker or a bagger would load grocery items into bags and either hand the bags to the customer or place the bags in a grocery cart. Plaintiff believed that the lettuce broke off when a bagger loaded a customer's groceries and that it "would have been in an area of the plain sight of the grocery bagger, and would have been on the floor for a sufficient time that a number of customers stepped on it based upon the condition of the lettuce." Later, in a deposition, plaintiff stated that the lettuce she stepped on looked "kind of wilted" and was "brownish-green." However, she also acknowledged that she did not have personal knowledge that employees knew that the lettuce was on the floor.

Defendant moved for summary judgment, ORCP 47 C,[1] alleging that plaintiff offered no evidence that defendant

---

[1] ORCP 47 C provides, in part:

"The court shall enter judgment for the moving party if the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

or defendant's employees knew that the lettuce was on the floor and failed to use reasonable diligence to remove it. It also argued that there was no genuine issue of material fact (1) that defendant placed the lettuce on the floor or (2) that the lettuce had been there for so long that defendant should have, by exercising reasonable diligence, discovered the lettuce.

The trial court granted summary judgment, finding that there was no genuine issue of material fact regarding any of plaintiff's allegations of negligence. It noted that plaintiff conceded that there was no evidence to support her allegation that defendant knew that the lettuce was on the floor and failed to use reasonable diligence to remove it. *See Diller v. Safeway Stores, Inc.*, 274 Or 735, 738, 548 P2d 1304 (1976). With respect to her other two allegations, the court concluded that there was no evidence in the record to support her allegations that defendant put the lettuce on the floor or that it should have known, had it used reasonable diligence, that the lettuce was on the floor.

On appeal, plaintiff argues that the trial court erred in granting summary judgment because there are disputed genuine issues of material fact. She correctly asserts that a plaintiff can recover against an occupant of a business premises in a slip-and-fall case if she prevails on any one of the three allegations of negligence discussed below.

■ To recover from the occupant having control of the property, an invitee who is injured by slipping on a piece of lettuce on the floor of a grocery store must show one of three possible circumstances: (1) that the lettuce was placed there by the occupant; (2) that the occupant knew that the lettuce was there and failed to use reasonable diligence to remove it; or (3) that the lettuce had been there so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it. *Pribble v. Safeway Stores*, 249 Or 184, 187, 437 P2d 745 (1968); *Van Den Bron v. Fred Meyer, Inc.*, 86 Or App 329, 738 P2d 1011 (1987).

matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *."

As in the trial court, plaintiff concedes that there is no direct evidence to support the second allegation, that defendant knew that the lettuce was on the floor and failed to remove it. She contends, however, that, in light of the various direct and circumstantial evidence concerning the location, circumstances, and conditions causing her to fall, the trial court incorrectly concluded that no objectively reasonable juror could return a verdict in favor of plaintiff.

As relevant to the first allegation, that the lettuce was placed there by defendant, plaintiff maintained that she fell in an area where the customer's groceries are bagged. More specifically, she stated that she had come out of the checkout line and was waiting for the checker to hand her her basket of groceries. It was her belief that the lettuce broke off when a bagger either handed the bagged groceries to a customer or loaded the groceries into a customer's cart. From the evidence, plaintiff argues that an objectively reasonable juror could have found that defendant's employee "placed" the lettuce on the floor. It certainly raises the sort of genuine issue of material fact as to whether defendant's employee caused the lettuce to be on the floor.

Those facts are strikingly similar to *Pavlik v. Albertson's, Inc.*, 253 Or 370, 454 P2d 852 (1969), in which the plaintiff slipped and fell on a piece of lettuce at the end of the checkout line. One of the plaintiff's allegations was that the lettuce was placed on the floor by the defendant. In that case, there was extensive evidence about the process used to bag the lettuce. The court ultimately concluded that the lettuce was in a location where it would be unlikely that a customer would have placed the lettuce on the floor, because it was an area in control of the checkers and baggers. *Id.* at 373-74. The court also concluded that customers who did use that area would be leaving with their groceries after passing through the checkout station and, therefore, that the lettuce would be bagged or wrapped. *Id.* at 374. The court held that there was sufficient evidence to sustain the first allegation of negligence.

■ This case is similar to *Pavlik* because the substances causing the falls were located in the same place in the store, *i.e.*, the place where checkers placed the groceries in bags and

customers leave the checkout area with any purchased produce contained within bags. Given that we are to construe all the evidence and inferences that can be reasonably drawn from that evidence in favor of plaintiff, evidence that she was in an area of the store where employees have control and where they handed bagged groceries to customers or put them in customers' carts would allow a reasonable juror to conclude that no one other than defendant's employees could have put the lettuce on the floor. The trial court erred in holding otherwise.

We turn to the third allegation of negligence, that the lettuce had been on the floor for so long that defendant should have, by the exercise of reasonable diligence, discovered and removed it. Plaintiff stated that there were several pieces of lettuce on the floor, and that the lettuce that she stepped on was wilted, brown, and slimy. She further stated that, based on the condition of the lettuce, it looked like a number of customers had stepped on it. Plaintiff also maintained that she fell in an area that was fully visible to the grocery bagger.

That evidence readily permits the inference that, because the leaves were wilted, brown, and slimy, they had been on the floor long enough to be "stepped upon many times." Further, because they were in an area that was in the control of and fully visible to defendant's employees, a juror could also infer that, through reasonable diligence, the employees should have discovered the lettuce.[2] Again, at the very least, that evidence raises a genuine issue of material fact as to whether the lettuce had been on the floor long enough that defendant's employees should have discovered

---

[2] This case is distinguishable from *Dubry v. Safeway Stores*, 70 Or App 183, 689 P2d 319 (1984), *rev den*, 298 Or 470 (1985), in which we held that plaintiff had not provided enough evidence to survive summary judgment. In that case, the plaintiff stated that the leafy material he slipped on was dry and compressed, but he was unable to determine what kind of leaves they were or whether a display of such products was near where he fell. We held that there was no evidence that the substance came from a display in that store and that the fact that the leaf was dry and compressed told us little about how long it had been on the floor. In contrast, plaintiff in this case stated that the substance was lettuce and that it was wilted, brown, and slimy. No one seriously contends that the lettuce, a produce item sold in grocery stores, did not come from the store. Further, the fact that it was wilted, brown, and slimy permits the inference that it could have been on the floor for a long enough time to have been stepped on repeatedly.

the lettuce and removed it. Summary judgment was inappropriate under the third allegation of negligence.

Therefore, because there was a genuine issue of material fact on two of plaintiff's allegations of negligence, the trial court erred in granting summary judgment in defendant's favor.

Reversed and remanded.