Argued and submitted February 26, 2019, reversed and remanded
January 6, 2021

Amanda JENNEWEIN,
*Plaintiff-Appellant,*

*v.*

MCIMETRO ACCESS TRANSMISSION
SERVICES, LLC, et al.,
*Defendants,*

*and*

VERIZON ENTERPRISE SOLUTIONS, LLC
and Verizon Long Distance, LLC,
*Defendants-Respondents.*

Multnomah County Circuit Court
16CV28790; A166142

481 P3d 939

Plaintiff appeals from a grant of summary judgment in favor of defendant on plaintiff's claim for negligence, arising from her walking into a utility cabinet in a hallway. While the defendant had originally installed the cabinet at knee height, a third party subsequently moved it to head height. The trial court found that plaintiff's head injury, caused by running into the cabinet, was not foreseeable. Plaintiff argues that the court incorrectly determined that the type of harm suffered was not foreseeable from defendants' conduct in installing the cabinet in the walkway. *Held*: On this record, summary judgment was inappropriate. The question of foreseeability is very fact-dependent and thus generally ill-suited for summary judgment. In categorizing the type of harm foreseeable, a court looks to the setting for possible injury under plaintiff's theory of liability. Here, guided by plaintiff's pleadings, the type of harm foreseeable was broader than how the trial court conceptualized it. Plaintiff did not have to show foreseeability of an injury to a specific body part, but rather just foreseeability of bodily injury generally. There was thus sufficient evidence to create a genuine issue of fact on the questions of both causation and foreseeability, and the trial court erred in granting summary judgment.

Reversed and remanded.

Nan G. Waller, Judge.

Mark McDougal argued the cause for appellant. Also on the opening brief were Gregory Kafoury and Kafoury & McDougal. Also on the reply brief was Natalie McDougal.

Elizabeth D. MacGregor argued the cause for respondents. Also on the brief were Karlek S. Johnson and Lorber, Greenfield, & Polito, LLC.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

Plaintiff appeals from a grant of summary judgment in favor of defendants on her single claim for negligence arising from her walking into a utility cabinet in a hallway. The trial court determined that the type of harm suffered in the collision—a head injury—was not foreseeable from defendant's conduct in installing the cabinet at knee level in the walkway. As we will explain, the trial court construed the type of foreseeable harm too narrowly, and we accordingly reverse.

The material facts are not in dispute. Plaintiff collided with a data cabinet that had been affixed to the wall where a hallway turned a corner in the backroom of the Apple Store in which she worked. Despite a work order that specified that the cabinet was to be installed nine feet above the floor, defendants installed the cabinet one or two feet off the floor—at knee height to an average-size adult rounding the corner. However, the cabinet was later relocated by a third party, Hoffman Construction, unbeknownst to defendants, to five to six feet above the floor—at head height to someone of that size rounding the corner.

Sometime after Hoffman moved the cabinet, plaintiff struck her head on it. Plaintiff brought suit, alleging that defendants had been negligent:

> "a. In installing and maintaining a wall-mounted metal box such that the box obstructs an area where people walk; b. In installing and maintaining a wall-mounted box such that the corner of the box hangs where it might contact the head of a person; c. In installing and maintaining a wall mounted metal box near a corner of a wall; d. In failing to place adequate safeguards on or around the box; e. In failing to adequately warn Plaintiff of the danger posed by the box."

Defendants moved for summary judgment arguing that the harm suffered by plaintiff—a head injury—was not foreseeable from their conduct of placing the cabinet at knee height. The trial court agreed:

> "[R]easonable jurors could find that defendants were negligent in placing the cabinet at shin level rather than at 9

feet above the floor, as specified in the work order. But they could not also find that defendants' negligence exposed plaintiff to risk of harm that befell her, a bump on the head.

> "Perhaps defendants knew or should have known the cabinet would have to be re-positioned to avoid bruised shins. But there is no evidence that they knew or should have known it would be re-positioned to head height, thus creating new risks, including the one that resulted in plaintiff's injury."

The trial court further stated that defendants' initial mis-installation caused Hoffman's later re-installation in a *but for* sense, but that was "not enough *** to hold defendants liable for plaintiff's injury."

Plaintiff appeals from the trial court's grant of summary judgment in favor of defendants. On appeal, the parties largely renew the arguments made before the trial court. Their arguments are divided into two parts—causation and foreseeability of harm—a division that, as we will explain, overlaps. Plaintiff assigns error to the trial court's conclusion that defendants' conduct was not a cause of plaintiff's injuries, arguing that "[t]o reach that conclusion, one must narrowly construe and define causation." Plaintiff argues that defendants are a "but for" cause of plaintiff's injuries, and that suffices:

> "[A] jury could find that defendants' initial negligent installation was simply improperly fixed by others. No harm would have occurred to plaintiff if defendants had not been negligent to start with."

Further, plaintiff argues that "[w]hether the injuries to the plaintiff in this case were foreseeable as a result of defendants' initial installation of the cabinet, and whether the installation was a cause of harm to the plaintiff, are both classic jury issues."

Defendants argue their initial installation, operating alone, would not have caused plaintiff's injuries; thus, it was not a substantial factor in causing plaintiff's injuries. Defendants further argue that the type of injuries suffered by plaintiff were not a foreseeable type of harm from their actions. At oral argument before this court defendants argued that here, foreseeability requires particularity as

to the location on the body where a collision might occur. Thus, according to defendants, it is not enough to foresee a bodily collision generally; it must have been foreseeable from defendants' conduct that someone would hit their head and suffer injury.

When reviewing a grant of summary judgment, we consider that the nonmoving party has the burden of producing evidence on any issue raised in the motion as to which that party would have the burden of persuasion at trial. ORCP 47 C. We review the record in the light most favorable to the nonmoving party, giving them the benefit of all reasonable inferences. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). Ultimately, we will affirm a grant of summary judgment only if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lewis v. Carson Oil Co.*, 204 Or App 99, 101, 127 P3d 1207, *rev den*, 341 Or 245 (2006) (citing *Swisher v. Albertson's, Inc.*, 186 Or App 734, 736, 64 P3d 1212 (2003) (holding same).

The parties' arguments present two interrelated questions regarding plaintiff's claims. The first concerns factual causation. Defendant argues that it was entitled to summary judgment because, as a factual matter, the harm that befell plaintiff did not result from the initial placement of the cabinet but, rather, the move to a height where plaintiff would bump her head. For that reason, defendant argues that its initial installation cannot be said to be a substantial factor in plaintiff's injuries.

In *Lasley v. Combined Transp., Inc.*, the court reiterated that it had

> "abolished not only the terms but also the concepts of 'proximate' and 'legal' cause. *** When a defendant's negligence is a factual cause of harm to the plaintiff, the defendant is subject to liability to the plaintiff as long as the harm that the plaintiff suffered was a reasonably foreseeable result of the defendant's negligence."

351 Or 1, 6-7, 261 P3d 1215 (2011). Therefore, "the concept of causation (determined as a purely factual matter) is a

separate concept from that of liability (determined by fore-seeability and not by 'proximate' or 'legal' cause)." *Id.*

The "substantial factor" test is one of factual cause, which is "whether someone examining the event without regard to legal consequences would conclude that the allegedly faulty conduct or condition in fact played a role in its occurrence." *Id.* (quoting *Sandford v. Chev. Div. of Gen. Motors*, 292 Or 590, 606, 642 P2d 624 (1982)). On this record, a reasonable juror could conclude that defendants' role in the initial installation of the cabinet in fact played a role in the injury. If not for the negligent installation in the walkway, the cabinet would not have been relocated to the place where plaintiff was injured. In *Lasley*, the court left open the possibility of a

> "circumstance in which one defendant's act is a factual cause of a plaintiff's harm in the sense that the harm would not have occurred absent the defendant's conduct, but in which that defendant's conduct is so insignificant, when contrasted with the conduct of a second defendant, that the first defendant's conduct should not be deemed a cause of the plaintiff's harm."

*Id.* at 10. This is not that case. A reasonable juror would not be compelled, on this record, to conclude that defendant's conduct was so insignificant, when contrasted with that of Hoffman, that it was not a substantial factor in the injury that befell plaintiff.[1] *See Mason v. BCK Corp.*, 292 Or App 580, 591, 426 P3d 206, 216, *rev den*, 363 Or 817 (2018) (explaining that the "substantial factor" test has been used in tort law to describe "the degree of participation that would subject any single tortfeasor to liability," and that "[t]he term substantial * * * is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable [people] to regard it as a cause, using the word in the popular sense, in which there always lurks the idea of responsibility" (internal quotation marks and citations omitted)).

---

[1] Defendants' substantial-factor argument appears to depend, at least to some extent, on characterizing the injury as a bump to the head rather than an injury from a collision more generally. As later discussed with regard to foresee-ability, that characterization is too narrow.

Next, we turn to the central question in this case—foreseeability of the harm that befell plaintiff. In addressing that question, we observe that Oregon appellate courts have consistently noted that some issues are ill-suited for resolution on summary judgment—foreseeability chief among them. We have emphasized that "[o]rdinarily, foreseeability is a fact question for the jury." *McPherson v. Oregon Dept. of Corrections*, 210 Or App 602, 613, 152 P3d 918 (2007). "Foreseeability, as an 'empirical question[],' must be submitted to a jury, except 'in an extreme case a court can decide that no reasonable factfinder could find the risk foreseeable.'" *Id.* at 614 (quoting *Donaca v. Curry Co.*, 303 Or 30, 38, 734 P2d 1339 (1987). Foreseeability is case specific; "[n]o bright line rules exist. Fact-matching is of limited utility. Unforeseeability as a matter of law should be found only in extreme cases." *McPherson* at 617; *see also Piazza v. Kellim*, 360 Or 58, 71 n 6, 377 P3d 492 (2016) ("Although often described as an 'issue of fact,' *** it is more precise to describe the foreseeability determination as a blended factual and normative—that is, value-laden—inquiry that ordinarily is committed to juries."); *Chapman v. Mayfield*, 358 Or 196, 206, 361 P3d 566 (2015) ("If, and only if, the court determines that the defendant's conduct clearly falls outside the community's conception of fault, the issue of foreseeability must be withdrawn from the jury. *** Where the plaintiff's injury arises from a 'concatenation of highly unusual circumstances,' the harm is deemed unforeseeable as a matter of law.").

As the Oregon Supreme Court articulated in *Fazzolari*, the limits of liability for negligence are generally determined by the concept of foreseeability:

> "In short, unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff."

*Fazzolari v. Portland School. Dist. No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987).

Oregon's construction of common-law negligence around the concept of foreseeability brings two overlapping common-law determinations under one umbrella:

"(1) whether the defendant's conduct unreasonably created a foreseeable risk of harm to a protected interest of the plaintiff such that the defendant may be held liable for that conduct—formerly described in terms of 'duty' and 'breach' as measures of negligent conduct; and (2) whether, because the risk of harm was reasonably foreseeable, the defendant may be held liable to the plaintiff for the particular harm that befell the plaintiff—a concept that traditionally was referred to as 'proximate' cause and which, in our current analytical framework, operates as a legal limit on the scope of a defendant's liability for negligent conduct."

*Piazza*, 360 Or at 70.

Our general foreseeability inquiry "includes the more particular questions of whether plaintiffs' injuries were within the type of potential harms that made defendant's conduct unreasonable and whether plaintiffs were within a reasonably foreseeable class of injured persons." *Chapman*, 358 Or at 206. As such, whether a particular harm is foreseeable is largely a function of how we categorize, or conceptualize, the class of harm in a given case. When we approach such a question, we start with *Fazzolari* itself. There, the court explained that "common-law negligence imposes liability for harms of the general kind and to plaintiffs of the general class placed at risk, harms that a reasonable factfinder, applying community standards, could consider within the range of foreseeable possibilities." 303 Or at 12-13 (citing *Stewart v. Jefferson Plywood Co.*, 255 Or 603, 607, 469 P2d 783 (1970)).

There is a risk, as the Supreme Court has noted, in conceptualizing harm too narrowly, or too broadly:

"It has been observed that 'if we use a very generalized description of the type of harm that was foreseeable and of the type of harm that occurred, an answer that the result was within the risk is inevitable.' And on the other hand, '[if] we use a detailed, mechanism-of-harm description of the result and the risks, the answer will be negative.'"

*Stewart*, 255 Or at 610 (quoting Robert E. Keeton, *Legal Cause in the Law of Torts*, 51 (1963) (footnotes omitted).

In *Stewart*, a negligently started fire spread from the defendant's sawmill to a neighboring warehouse. 255 Or at 605. The plaintiff came to the scene to assist firefighters; he worked to put out sparks and control the fire from the rooftop of the warehouse. *Id.* As he assisted in fighting the fire, the plaintiff fell through a concealed skylight on the warehouse roof and sustained injuries. *Id.* at 605-06. The Oregon Supreme Court upheld the jury's verdict of liability for negligence by categorizing the harm generally. *Id.* at 614. As the Oregon Supreme Court has subsequently explained:

> "In *Stewart*, the court described the type of harm more generally—injuries that may occur while fighting a fire— rather than specifically—injuries incurred from falling through a concealed skylight while fighting a fire. ***
>
> "At first blush, the court's choice of a more general level of abstraction in describing the type of harm that the plaintiff suffered might appear to be a thumb on the scale in favor of liability. However, as part of determining whether the defendant's conduct was unreasonable, there is nothing surprising about a conception of foreseeability that assesses the overall 'setting for possible injury' under the plaintiff's theory of liability. Drawing on the plaintiff's theory of liability, the court in *Stewart* determined that it was not unlikely that an 'injury would occur in this manner *in the course of fighting a fire.* That approach, which views the defendant's conduct through the lens of the particular factual circumstances of the case—with emphasis on what the defendant knew or should have known about the risk of harm to a particular class of plaintiffs—has been this court's practice in cases that address foreseeability as a limit on liability."

*Chapman*, 358 Or at 207-08 (quoting *Stewart*, 255 Or at 610-11) (emphasis in *Chapman*).

In *Chapman*, the court held that the trial court had properly granted summary judgment in favor of the defendant in the plaintiff's action against a tavern that allegedly had over-served a visibly intoxicated patron who ultimately left the tavern, walked down the street to another business establishment, and unintentionally fired a concealed

handgun through the door, injuring two people inside. 358 Or at 198, 203. The court concluded that the plaintiff's pleading and evidence did not create a triable issue of fact with respect to foreseeability:

> "[E]ven though the precise mechanism of harm need not be foreseeable, it is necessary to describe the type of harm at risk and the class of plaintiffs at risk with reference to the particular factual circumstances of the case, as gleaned from the pleadings and evidence in the record. Based on the circumstances of this case, we conclude that the appropriate characterization of the type of harm at issue is an unintentional attack by a visibly intoxicated patron after he had left defendant's premises. *** We further conclude that plaintiffs' evidence was insufficient because it described the risk of harm too generally."

*Id*. at 220.

Therefore, when categorizing the type of harm that might be foreseeable, we look to the setting for possible injury under plaintiff's theory of liability. Against that backdrop, we view defendants' conduct through the lens of the circumstances of the case, looking particularly to what a trier of fact could find the defendants knew, or should have known, about the risks of harm. In doing so, we are mindful that "Oregon courts have never required a plaintiff to prove that the precise mechanism of injury or 'actual sequence of events' that caused the harm in question was foreseeable." *Piazza v. Kellim*, 271 Or App 490, 511, 354 P3d 698 (2015), *aff'd*, 360 Or 58, 377 P3d 492 (2016); *see also Towe v. Sacagawea, Inc.*, 357 Or 74, 106 n 17, 347 P3d 766 (2015) (explaining that the defendant's argument, which focused on the actual sequence of events that injured the plaintiff, "misunderstands foreseeable risk"); *Uihlein v. Albertson's, Inc.*, 282 Or 631, 641, 580 P2d 1014 (1978) ("[W]e do not mean to say that the storekeeper must be able to foresee the exact harm which occurs, but there must be something to alert the storekeeper to the likelihood of harm of some kind from a criminal agency."); *Cunningham v. Happy Palace, Inc.*, 157 Or App 334, 338 n 2, 970 P2d 669 (1998), *rev den*, 328 Or 365 (1999) ("The specific details of the sexual assault need not have been foreseeable, only that plaintiff in some way would become a crime victim.").

Applying those principles here, we begin with plaintiff's complaint which alleged a variety of negligent acts:

"a. In installing and maintaining a wall-mounted metal box such that the box obstructs an area where people walk; b. In installing and maintaining a wall-mounted box such that the corner of the box hangs where it might contact the head of a person; c. In installing and maintaining a wall mounted metal box near a corner of a wall; d. In failing to place adequate safeguards on or around the box; e. In failing to adequately warn Plaintiff of the danger posed by the box."

Only one of plaintiff's alleged acts of negligence concerned placing the cabinet at a specific height—plaintiff's allegation (b), which alleged negligence "[i]n installing and maintaining a wall-mounted box such that the corner of the box hangs where it might contact the head of a person." All of the other alleged acts of negligence speak to more general concerns—installing the cabinet in an area where people walk, installing it at a corner, failing to construct barriers around the cabinet, etc. In that light, the setting for possible injury under plaintiff's theory of liability is that someone will run into the cabinet—that is the foreseeable harm conceived. It is that conception of harm that frames how we judge the evidence on summary judgment, in the light most favorable to the nonmoving party—here, the plaintiff—drawing all reasonable inferences in her favor. *See Jones*, 325 Or at 413.

Accordingly, the harm contemplated by plaintiff's allegations and evidence is not specific to a body part based on the original installation, and the trial court erred in so concluding. It matters not whether the cabinet remained in its initial location or whether someone ran into it with their shin, their head, or any other part of their body. The gravamen of plaintiff's allegations of negligence and its evidence at the summary judgment stage was that the conduct of failing to install the cabinet outside a walkway created risks to persons who might run into it, not that it created the specific risk of head injury or even the specific risk of injury in its initial location.

Having properly categorized the harm in this case—risk of harm that someone could collide with the cabinet if

it were not placed outside the walkway—it is apparent that there was sufficient evidence to create a genuine issue of fact. "The concept of foreseeability embodies a prospective judgment about a course of events; it 'therefore ordinarily depends on the facts of a concrete situation' and, *if disputed, is a jury question.*" *Piazza*, 360 Or at 499-500 (quoting *Fazzolari*, 303 Or at 4) (emphasis added). Accordingly, we reverse the trial court's grant of summary judgment and remand the case for further proceedings.

Reversed and remanded.