No. 807 November 6, 2024 125

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Maricela RAMIREZ,
*Plaintiff-Appellant,*

*v.*

Joshua KORNEGAY, MD;
Sarah Gomez, MD; Adrienne Hughes, MD;
Lara Jesic, FNP; Matthew Noble, MD; Kevin Edwards, RN;
Lindsay Olson, RN; Sarah Davis, RN; Verda Dew, LLSW;
Susan Yoder, RN BSN; Greg Moawad;
Karyn Thrapp, RN BSN; Eric Brown;
Oregon Health and Science University;
Oregon Department of Justice, and State of Oregon,
*Defendants-Respondents.*

Multnomah County Circuit Court
21CV32417; A181031

Angela F. Lucero, Judge.

Submitted October 10, 2024.

Maricela Ramirez filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondents Oregon Department of Justice, State of Oregon, Karyn Thrapp RN BSN, and Eric Brown.

Janet M. Schroer and Hart Wagner LLP filed the brief for respondents Joshua Kornegay, MD, Sara Gomez, MD, Adrienne Hughes, MD, Lara Jesic, FNP, Mathew Noble, MD, Kevin Edwards, RN, Lindsay Olson, RN, Sarah Davis, RN, Verda Dew, LLSW, Susan Yoder, RN BSN, Greg Moawad and Oregon Health and Science University.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals a judgment dismissing her civil claims against Oregon Health & Science University and several of its employees (OHSU defendants) and the State of Oregon, Oregon Department of Justice, and certain state employees (state defendants).[1] We conclude that the trial court did not err in granting summary judgment based on claim preclusion and, accordingly, affirm.

Plaintiff's claims stem from a series of visits to the emergency department at OHSU in April 2018 and January 2020.[2] Plaintiff argues, among other things, that she was discriminated against based on her race, that the OHSU defendants denied her necessary medical care, and that the state defendants failed to adequately investigate her complaints. In February 2020, plaintiff filed a complaint in federal court alleging violation of her civil rights, civil conspiracy, breach of fiduciary duty, race discrimination, violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), and elder abuse. In July 2021, the federal court granted summary judgment for defendants and dismissed plaintiff's claims with prejudice.

In August 2021, plaintiff filed this action in state court, asserting claims for abuse of a vulnerable person, violation of the EMTALA, breach of fiduciary duty, violation of equal protection, discrimination in a place of public accommodation, civil conspiracy, violation of the Social Security Act, defamation, and intentional infliction of emotional distress. Defendants moved for summary judgment, arguing that the claims were barred by the doctrine of claim preclusion, that the claims were barred by the statute of limitations, and that no genuine issue of material fact existed. The trial court granted summary judgment based on claim preclusion, without reaching the other grounds.

We review a grant of summary judgment for errors of law and will affirm if there is no genuine dispute of material

---

[1] Some defendants were dismissed earlier by limited judgment and are not at issue in this appeal.

[2] In responding to the summary judgment motion, plaintiff asserted that there was additional tortious conduct on later dates, but the trial court properly ruled on summary judgment based on the existing complaint.

fact and the moving party is entitled to judgment as a matter of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021). The record must be viewed in the light most favorable to the nonmoving party. ORCP 47 C; *Jennewein v. MCIMetro Access Transmission Services*, 308 Or App 396, 400, 481 P3d 939 (2021).

The trial court correctly granted summary judgment based on claim preclusion. That doctrine applies when (1) the prior litigation involved the same parties, (2) the claim arises out of the same factual transaction as the prior litigation, (3) the case proceeded to a final judgment, and (4) the claims in the second action could have been joined in the first action. *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982). In determining whether a claim is precluded by an earlier action, "our focus is on the *transaction* at issue in the plaintiff's claim, with claim preclusion applying to all claims against the defendant that were *available* to the plaintiff arising from that transaction, *whether or not the plaintiff actually asserted them.*" *Eli v. Lampert (A116201)*, 194 Or App 280, 285, 94 P3d 170 (2004), *rev den*, 338 Or 57 (2005) (internal quotation marks omitted; emphases added). Generally, "claim preclusion will bar a plaintiff who litigates a federal claim in federal court from relitigating state claims that the plaintiff could have but did not litigate in the federal action." *Ram Technical Services, Inc. v. Koresko*, 346 Or 215, 220, 208 P3d 950 (2009).

Here, plaintiff argues that claim preclusion does not apply due to newly discovered evidence. *See Hodges v. Blazer Homes, Inc.*, 204 Or App 86, 94, 129 P3d 196 (2006) ("[C]laim preclusion cannot apply if the party asserting a second claim lacked actual or constructive knowledge of its availability when the party asserted the first claim."). We disagree. Having reviewed the record, we agree with the trial court that nothing presented as new evidence on summary judgment prevented plaintiff from raising the state claims in her federal action. Accordingly, we affirm the grant of summary judgment based on claim preclusion and the resulting judgment of dismissal. Given our disposition, we need not address the OHSU defendants' arguments

regarding the other asserted bases for summary judgment that the trial court did not reach.

Affirmed.